DOMINGO BONET Y SANTOS, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 739.   Submitted November 5, 1928.—Decided November 13, 1928.

*E. Báez Díaz* for the appellant.   The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

After the death of Antonio Rodríguez Vargas, the husband of Nery Jusino y Almodóvar, their minor children Camelia, Providencia, Ramón, Eloísa and Jaime were designated as his heirs. The widow renounced her hereditary share and a certain property of eleven acres belonging to the conjugal partnership was recorded in the registry, one undivided half in the name of the widow and the other in the names of the children.

The widow sold to Domingo Bonet all of her rights and interests in the said property of eleven acres and in another property of five acres also belonging to the conjugal partnership.

At this stage the widow, in representation of her minor children, and Domingo Bonet went to a notary and executed a deed of partition of community property by which the minors were given the property of five acres and a house and the property of eleven acres was granted to Bonet. The two properties were appraised at six hundred dollars each.

The deed was presented in the registry to be recorded only as regards the property of eleven acres and the registrar so recorded it, but assigned the "curable defect of there being no record of the interest of Bonet in the property of five acres."

The present administrative appeal was taken by Bonet from that decision.

It is said by the registrar in his brief that he was obliged to record the deed by virtue of the provision of section 1027 of the Civil Code that if the minors should be subject to the parental authority and are represented in the division by the father or by the mother, as the case may be, neither judicial intervention nor approval shall be required, but that he noted the curable defect in defense of the interests of the minors based on the holding of this court in the case of *Muñoz v. Registrar*, 37 P.R.R. 752.

In that case this court, by Mr. Justice Texidor, expressed itself as follows:

"There is in every division of common property a mutual conveyance of the rights of the owners to the portion of the property or properties which each one of them acquires individually and specifically. For this reason it seems necessary for the purpose of the registry of property that the undivided interests be recorded, thus complying with the requirement of the previous record, which is one of the essential bases of our mortgage system, and in conformity with section 20 of the Mortgage Law whose first paragraph reads as follows:

" 'Art. 20.—In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.'

"The fifth paragraph of that section provides that if such interest is not recorded in favor of any person whatsoever, the registrar shall enter a cautionary notice at the request of the person interested.'"

The appellant attempts to distinguish the *Muñoz Case, supra,* from the case now before us, alleging that in the said case "there was involved a single property belonging to two co-owners, the interest of one being recorded and that of the other only mentioned."

We do not agree. It is stated in the deed of partition that the documents on which the rights of the parties are based are pending record "and I, the notary, call the attention of the parties to the fact that in order that the present deed may be recorded it is required that said documents be first recorded."

Although there are two properties, a single transaction is involved. For Bonet to appear of record as joint owner in the property of five acres he should record his purchase from the widow the same as he recorded it in regard to the property of eleven acres. If the partition could be made it is because Bonet was the owner not only of half of the property of eleven acres, but also of the property of five acres.

722

The two properties constitute the whole property divided and separately allotted to each joint owner, and for a complete record of the transaction it is necessary that the two properties be included.

The decision appealed from is affirmed.